Judge Pauley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'08 CIV 5526

MT. HAWLEY INSURANCE COMPANY,

Plaintiff,

Index No. *1:08-cv-05526-WHP*

v.

NATIONAL BUILDERS LLC and

6 on 6th, LLC,

Defendants.

**COMPLAINT**

RECEIVED
JUN 16 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"), by and through its attorneys, Kenney Shelton Liptak Nowak LLP, for its complaint against defendants National Builders LLC ("National Builders") and 6 on 6th, LLC ("6 on 6th") allege:

1.      Mt. Hawley is a Delaware corporation with its principal place of business in Illinois.  Mt. Hawley issues liability insurance policies in New York on a non-admitted basis.

2.      National Builders is a New York limited liability company with its principal place of business in New York.

3.      6 on 6th is a New York limited liability company with its principal place of business in New York.

4.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon complete diversity of citizenship of the parties, and an amount in controversy that exceeds $75,000.00.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

6.     At all relevant times, 6 on 6th was the owner of a construction project at 639 6th Avenue in Brooklyn, New York ("the project").

7.     National Builders was the general contractor for the project pursuant to a written contract with 6 on 6th.

8.     Both National Builders and 6 on 6th are owned, controlled, managed, and operated by David Angel and/or entities owned or controlled by David Angel.  Both entities are operated from the same offices, located at 1 East 33rd Street, 12th Floor, New York, New York.

9.     The 6 on 6th contract required National Builders to defend and indemnify 6 on 6th for bodily injury in connection with National Builders' work.  The contract also required National Builders to have 6 on 6th made an additional insured under National Builders' liability insurance policy.  The contract also required National Builders to provide 6 on 6th with certificates of insurance reflecting National Builders' compliance with the insurance provisions of the contract.

10.     Rockledge Scaffold Corporation ("Rockledge") was hired by the The Angel Group, LLC ("The Angel Group") to furnish, erect, dismantle, and remove scaffolding for the project.

11.     The Angel Group, like National Builders and 6 on 6th, is owned, controlled, managed, and operated by David Angel and/or entities owned or controlled by

David Angel. The Angel Group, like National Builders and 6 on 6th, is operated from offices located at 1 East 33rd Street, 12th Floor, New York, New York.

12.    Rockledge was hired pursuant to a written contract between itself and The Angel Group that was executed on April 19, 2007.

13.    The Rockledge-The Angel Group contract contains an indemnification provision in favor of The Angel Group, and required Rockledge to have The Angel Group made an additional insured under Rockledge's liability insurance policy.

14.    On July 3, 2007, Rojelio Villanueva ("Villanueva") allegedly fell from scaffolding at the project while in the course of his employment for Rockledge.

15.    Villanueva was allegedly injured as a result of the July 3, 2007 accident.

16.    Both National Builders and 6 on 6th were immediately aware of the July 3, 2007 accident.

17.    Both National Builders and 6 on 6th were immediately aware that Villanueva suffered injuries as a result of the accident.

18.    Both National Builders and 6 on 6th were immediately aware that Villanueva was taken from the scene of the July 3, 2007 accident in an ambulance.

19.    Mt. Hawley issued National Builders a commercial general liability policy (No. MCF0003105) for the period July 18, 2006 to July 18, 2007 ("the policy").

20.    By endorsement to the policy, 6 on 6th is a named insured.

21.    Subject to its terms and conditions, the policy provides bodily injury liability coverage subject to a $1 million per-occurrence limit.

22.    Among other provisions, the policy contains a notice provision that states, in part:

2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1)    How, when and where the "occurrence" or offense took place;

        (2)    The names and addresses of any injured persons and witnesses; and

        (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.    If a claim is made or "suit" is brought against any insured, you must:

        (1)    Immediately record the specifics of the claim or "suit" and the date received; and

        (2)    Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c.    You and any other involved insured must:

        (I)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

        (2)    Authorize us to obtain records and other information;

        (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

23.    Among other provisions, the policy contains an endorsement entitled "Contractors – Conditions of Coverage" ("Endorsement 102A"), which states:

It is hereby understood and agreed that conditions of coverage under this policy are:

1.    Insured warrants that it has obtained or will obtain certificates of insurance with limits of liability equal to or greater than those provided by this policy from all subcontractors prior to commencement of any work performed for the insured.

2.    Insured warrants that is has confirmed or will confirm that the subcontractors' insurance policies are valid and have not been cancelled prior to commencement of any work by the subcontractors performed for the insured.

3.    Insured warrants that it has obtained or will obtain hold harmless agreements from subcontractors indemnifying against all losses from the work performed for the insured by any and all subcontractors.

4.    Insured warrants that it has confirmed or will confirm that it is named as additional insured on all subcontractors general liability policies.

5.    Insured warrants that it has given or will give notice of claim to all "potential insurers" as soon as practicable.

"Potential insurers" means all insurance companies who may be obligated to defend the insured as either a named insured or an additional insured. "Potential insurers" includes the insurers of all subcontractors who were contractually obligated to name the insured as an additional insured on their own insurance policy(ies).

In the event the insured fails to comply with the above conditions for a subcontractor whose work directly or indirectly gives rise to a claim, coverage for such claim will be voided under this policy. Insured agrees that we need not demonstrate any prejudice to us in order to enforce these conditions of coverage.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms of the conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

24.     On July 19, 2007, Mt. Hawley received National Builders' first notice of the July 3, 2007 accident.

25.     Upon receiving National Builders' notice of occurrence, Mt. Hawley commenced an investigation.

26.     On August 16, 2007, Mt. Hawley issued a disclaimer of coverage against National Builders based on National Builders' failure to comply with Endorsement 102A.

27.     On September 26, 2007, Mt. Hawley received 6 on 6th's first notice of the July 3, 2007 accident.

28.     Upon receiving 6 on 6th's notice of occurrence, Mt. Hawley commenced an investigation.

29.     On October 25, 2007, Mt. Hawley issued a disclaimer of coverage against 6 on 6th based on 6 on 6th's failure to provide timely notice of occurrence and claim.

30.     On or about November 30, 2007, Villanueva commenced a lawsuit in Supreme Court, New York County captioned <u>Villanueva v. National Builders LLC and 6</u>

on 6th, LLC (Sup. Ct. New York Co., Index No. 150559-07). In his action, Villanueva seeks damages from National Builders and 6 on 6th for injuries Villanueva allegedly suffered in the July 3, 2007 accident. Villanueva's complaint asserts causes of action based on negligence and New York Labor Law §§ 200, 240, and 241.

31.    Neither National Builders nor 6 on 6th answered or otherwise appeared in Villanueva. On or about January 25, 2008, Villanueva filed a motion for a default judgment against National Builders and 6 on 6th.

32.    In light of the pending default judgment motion, on February 19, 2008, Mt. Hawley offered National Builders and 6 on 6th a gratuitous, conditional defense in Villanueva. Specifically, while maintaining its disclaimers, Mt. Hawley offered to defend National Builders and 6 on 6th in Villanueva with counsel retained by Mt. Hawley. As part of the offer, Mt. Hawley would commence a separate action against National Builders and 6 on 6th seeking a declaration that Mt. Hawley is not obligated under the policy to defend or indemnify National Builders or 6 on 6th in Villanueva.

### FIRST CAUSE OF ACTION

33.    Mt. Hawley realleges and incorporates paragraphs 1 though 32 as if fully set forth.

34.    As a condition of coverage under Endorsement 102A of the policy, National Builders was obligated to, *inter alia*, obtain a contractual indemnification agreement in its favor from subcontractors, obtain additional insured coverage under subcontractors' liability policies, obtain certificates of insurance reflecting its additional insured status under subcontractors' liability policies, and place subcontractors' insurers on notice of occurrences and claims.

35.     National Builders, the general contractor for the project, failed to comply with Endorsement 102A in connection with <u>Villanueva</u> by, *inter alia*, failing to obtain a contractual indemnification agreement in its favor from Rockledge, failing to obtain additional insured coverage under Rockledge's liability policy, failing to obtain certificates of insurance reflecting its additional insured status under Rockledge's liability policy, and failing to place Rockledge's liability insurer on notice of the July 3, 2007 accident.

36.     Mt. Hawley is entitled to a declaration that it has no obligation under the policy to defend or indemnify National Builders in connection with <u>Villanueva</u>.

## SECOND CAUSE OF ACTION

37.     Mt. Hawley realleges and incorporates paragraphs 1 though 36 as if fully set forth.

38.     As a condition of coverage under the policy, 6 on 6th was obligated to provide Mt. Hawley with timely notice of occurrence and claim.

39.     Although 6 on 6th had immediate knowledge of the July 3, 2007 accident and Villanueva's injuries, it failed to provide notice to Mt. Hawley until September 26, 2007.

40.     6 on 6th's notice to Mt. Hawley of the occurrence and claim was untimely as a matter of law.

41.     Mt. Hawley is entitled to a declaration that it has no obligation under the policy to defend or indemnify 6 on 6th in connection with <u>Villanueva</u>.

**WHEREFORE**, Mt. Hawley demands judgment declaring that it has no obligation to defend or indemnify National Builders or 6 on 6th in connection with Villanueva, and all other relief the Court deems just and proper.

Dated: June 10, 2008                    Respectfully submitted,

                                        KENNEY SHELTON LIPTAK NOWAK LLP


                                        By:    _____
                                               Timothy E. Delahunt
                                               Bar Roll No. TD-2791

                                        510 Rand Building
                                        14 Lafayette Square
                                        Buffalo, New York 14203
                                        Tel.:  (716) 853-3801
                                        Fax:  (716) 853-0265
                                        E-mail:  TEDelahunt@kslnlaw.com

                                        *Attorneys for plaintiff Mt. Hawley Insurance Company*